| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>HELLRING LINDEMAN GOLDSTEIN<br>  & SIEGAL LLP<br>Patricia A. Staiano, Esq.<br>Attorneys for Eric R. Perkins, Chapter 7 Trustee<br>103 Eisenhower Parkway, Suite 403<br>Roseland, New Jersey 07068-1031<br>973.621.9020<br>pstaiano@hlgslaw.com | |
| In Re:<br><br>RUSSELL ROMOND,<br><br>               Debtor. | Case No. 24-13006 (VFP)<br><br>Judge: Vincent F. Papalia<br><br>Chapter 7<br><br>Hearing Date: September 16, 2025<br>               at 10:00 a.m. |

## CERTIFICATION OF BRIAN SHEA, ESQ.
## IN SUPPORT OF MOTION TO APPROVE SETTLEMENT

BRIAN E. SHEA, ESQ., of full age, hereby certifies as follows:

1.      I am an attorney-at-law in the state of New Jersey and the Court-Appointed Substitute Administrator C.T.A. of the Estate of Thomas A. Farley ("Farley Estate"). I am fully familiar with the facts and circumstances set forth herein and make this certification in support of the motion filed by Eric R. Perkins, Chapter 7 Trustee for Russell Romond ("Trustee") seeking approval of a settlement between the Farley Estate and its beneficiaries and the Trustee and bankruptcy estate of Russell Romond ("Bankruptcy Estate"), and in response to Mr. Romond's opposition to same.

2.      By way of background, I was appointed as Temporary Administrator of the Farley Estate in September 2023. The Hon. Edward A. Jerejian, P.J.Ch. determined that there was cause to remove Mr. Romond as Executor of the Farley Estate during a hearing on September 6, 2023. While my permanent appointment as Substitute Administrator C.T.A. was effectuated by way of a separate Judgment dated February 28, 2024, the underlying

reasoning for Mr. Romond's removal was unchanged. Mr. Romond's assertions that Judge Jerejian did not remove him for cause is simply not true. The statute governing removal for cause of a personal representative of an estate, N.J.S.A. 3B:21-14, specifically contemplates "abuse [of] the trust and confidence reposed in the fiduciary" as sufficient cause.

3.    To the extent that I discussed Mr. Romond's accountings for his tenure as Executor of the Farley Estate with him, I made no guarantees that his fees and commissions, or the fees charged by his attorney, John K. Walsh, Esq., would be approved as legitimate estate expenses to be reimbursed to him. At Paragraph 21 of his Certification, Mr. Romond asserts that there was an agreement between himself, Mr. Walsh, and me by which I would not challenge their fees or commissions in exchange for their not challenging my appointment on the basis of a perceived conflict of interest. There was no such agreement. This is evidenced both by the Judgment entered on February 28, 2024, which specifically preserved the issues of counsel fees, costs and the commission as being in need of being resolved between the parties or by the Court. A copy of the February 28, 2024 Order is attached to Mr. Romond's Certification as Exhibit E.

4.    Likewise, it is a misrepresentation of material fact that there was any agreement that these items would be permitted to be paid in exchange for Mr. Romond not pursuing a conflict of interest-based claim against me.  In fact, the transcript appended to Mr. Romond's opposition from the February 23, 2024 proceedings evidences his position which was relayed through his then attorney.  More specifically, John K. Walsh, Jr., Esq., stated to the Court "with respect to the conflict we've asserted, we are not going to be pursuing the issue of a conflict." See transcript attached as Exhibit C to Mr. Romond's Certification, page 8 lines 19-21. The transcript also confirms that there was no agreement regarding commissions or fees in relation to that decision, as Mr. Walsh goes on to confirm that Mr. Romond would not be "consenting to that aspect of it", referring to a Consent Order

that was circulated which then had to be replaced by the Court's February 28, 2024 Order, entered without the consent of Mr. Romond. See Exhibit C to Mr. Romond's Certification, page 8, line 22 through page 9, line 2.

5.     Further, in his action in the Superior Court of New Jersey, Chancery Division, Probate Part, seeking to assert his Notice of Claim, after rejection by the Estate, Mr. Romond again raised the non-existent conflict of interest, noting at paragraph 43 of his Verified Complaint that "Mr. Walsh and Mr. Shea attempted to negotiate a consent judgment that addressed both the cause of Plaintiff's removal as well as Mr. Shea's conflict of interest, but were unsuccessful." See relevant portion of Mr. Romond's Verified Complaint attached as **Exhibit A.**

6.     Regarding the commissions and the fees which remained and continue to remain in dispute pursuant to the plain language of the February 28, 2024 Order, Mr. Walsh also stated, in response to the Court's question as to whether fees and commissions were still an open issue, "that is an open issue . . . and we will deal with it there" (See Exhibit C to Mr. Romond's Certification, page 10, lines 2-7), referring to a proceeding then believed to be needed to address the informal accounting and the exceptions of the beneficiaries to same. Ultimately, that proceeding was delayed based upon first the frivolous notice of claim filed by Mr. Romond and his subsequent lawsuit. That lawsuit gave rise to the dismissal Order from the Hon. Nicholas Ostuni, J.S.C., which is now the subject of a dismissed appeal, which appeal was filed on Mr. Romond's behalf notwithstanding the affirmative position of the Trustee that an appeal was not going to be pursued.

7.     Further to the contrary, as indicated in the Trustee's papers, my office issued a letter to Mr. Walsh noting my objections to the fees paid from the Farley Estate to him and Mr. Romond. Based upon my review of Mr. Romond's accountings, I determined that of the legal fees requested, only $2,152.50 of the amount paid to Mr. Walsh was attributable to

legitimate estate administration work, as opposed to defense of the efforts to have Mr. Romond removed as executor. That said, my claim against the Bankruptcy Estate on behalf of the Farley Estate is based on the fees improperly paid by Mr. Romond to himself and Mr. Walsh and is separate from the settlement for which the Court's approval is presently sought.

8.      Mr. Romond also asserts that his claim against the Farley Estate is jointly owned by himself and his wife, Veronica Farley (from whom his divorce is pending). Ms. Farley has taken the position there is no valid claim against the Farley Estate and also filed a motion which sought to dismiss Mr. Romond's claim.

9.      At paragraph 20 of his certification, Mr. Romond appears to conflate the order dismissing his claim against the Farley Estate with the order removing him as Executor. To be clear, the Settlement Agreement between the Farley Estate and the Bankruptcy Estate resolves a matter in which Judge Ostuni dismissed an action filed by Mr. Romond in which Mr. Romond sought to ratify a claim against the Farley Estate for contributions made for carrying costs and alleged rents related to a piece of real property jointly owned by Thomas Farley, Mr. Romond, and Ms. Farley.

10.      Mr. Romond further claims that he has a strong likelihood of success with respect to his appeal of the dismissal of the above action. However, the appeal was dismissed as a result of Mr. Romond's failure to actually file a brief in support of same. A copy of the Appellate Division's August 21, 2025 Order dismissing Mr. Romond's appeal is attached as Exhibit C to Patricia A. Staiano's Certification. To be clear, but for the dismissal Order, the matter on appeal would have been subject to a frivolous litigation claim. Further, Mr. Romond's own submissions suggest that the claim filed against the estate was manufactured by him well after his involvement as executor. More specifically, this purported liability does not appear anywhere in the two separate informal accountings he provided. See, e.g., Exhibit D to Mr. Romond's Certification. In the matter before Judge Ostuni, which was the subject

of the dismissed appeal, Mr. Romond stated in his Certification dated September 17, 2024, that he asserted a notice of claim on behalf of himself and his wife on June 1, 2023, which claim he allowed on June 2, 2023. The relevant portion of Mr. Romond's certification and exhibits thereto are attached as Exhibit B.

11.    As was the case with the accountings, nowhere in either Mr. Romond's billing records or Mr. Walsh's billing records was there any evidence of this claim having been made or reviewed. The lack of billing entries, the lack of reference in the accounting and the fact that the claim was not even referenced until well after Mr. Romond's removal as executor suggests that the items presented to Judge Ostuni were manufactured by Mr. Romond in addition to the claim being facially frivolous. In addition to the evidential issues created by the accountings, the billing records and the claim documents, Mr. Romond's rent claim, which was the basis for the underlying action, is untenable against the Farley Estate as a co-owner of the property. *See, e.g., Mastbaum v. Mastbaum*, 126 N.J. Eq. 366, 373 (Ch. 1939) (providing that even "Tenants in common are not required to let their property stand vacant under penalty of paying rent to their co-tenants"). While Mr. Romond argued that this was inapplicable, claiming ouster as a basis to ignore the existing decisional law, he could not have been ousted from residing at this property as the property was located in an age-restricted community (55 years of age or older) and Mr. Romond did not meet that basic requirement that would allow him to reside at the property, further negating his claim.

12.    As to the settlement, I entered into the subject settlement agreement on behalf of the Farley Estate in the interest of preventing further litigation with Mr. Romond. The scope of the settlement is limited to the appeal and underlying action concerning his claim against the Farley Estate and Mr. Romond's baseless commission claim against the Farley Estate. While (a) I do not believe his appeal is meritorious, (b) the appeal has since been dismissed (on procedural grounds, as noted above), and (c) Mr. Romond was not authorized

to pursue the appeal in the first instance, I anticipated that Mr. Romond would continue to drag the matter out and cause the Farley Estate to incur additional costs. Resolution of this matter will prevent those additional potential litigation costs and allow me to make final distributions of assets to the beneficiaries of the Farley Estate.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2025

_____
BRIAN E. SHEA

460924